

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00262-CV

_____

GILLES ROGER POARD, Appellant

V.

LARRY WEBB, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2020-000166-1

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Opinion

**MEMORANDUM OPINION**

Appellant Gilles Roger Poard[1] attempts to appeal from the trial court's February 21, 2022 order sustaining Appellee Larry Webb's special appearance and dismissing Appellant's suit (the order). Appellant filed his notice of appeal on July 7, 2022.

Generally, a notice of appeal must be filed within thirty days after the judgment's signing, although certain post-judgment motions can extend that deadline to ninety days. *See* Tex. R. App. P. 26.1(a). Concerned that we did not have jurisdiction, we notified Appellant that unless he or another party filed a response showing grounds for continuing the appeal, the appeal could be dismissed. *See Cont'l Alloys & Servs. (Del.) LLC v. YangZhou Chengde Steel Pipe Co.*, 597 S.W.3d 884, 889 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (noting appellate court does not have jurisdiction absent timely-filed notice of appeal); *see also* Tex. R. App. 25.1(b), 42.3(a), 44.3.

Appellant filed a response asserting that he had timely filed a motion for reconsideration, and, after that motion's denial, a motion for new trial, which was denied on June 30, 2022. *See* Tex. R. Civ. P. 329b (stating that filing of motion for new trial or motion to modify extends trial court's plenary power); Tex. R. App. P.

---

[1]The body of the notice of appeal spells Appellant's name as Gilles Roger Poard, and that is the spelling we use. Motions and orders in the trial court spelled Appellant's name as Gilles Roger Poard, Giles-R-Poard, and Giles Roger Poard.

26.1 (including filing of motion for new trial or motion to modify in post-judgment actions that extend appellate timetable); *Sprowl v. Stiles*, No. 05-18-01058-CV, 2019 WL 3543581, at *3 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (mem. op.) (stating that motion for reconsideration seeking substantive change in judgment is treated as motion for new trial or motion to modify for purposes of extending appellate timeline). He contends that his notice of appeal "was timely filed from the [trial court's] last Order of June 30, 2022." *See* Tex. R. App. P. 26.1(a).

Rule 26.1 provides that "the notice of appeal must be filed within 90 days *after the judgment is signed* if any party timely files" a motion for new trial or motion to modify. *Id.* (emphasis added). Additionally, an appellate court may grant a fifteen-day extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.3. Thus, in a typical civil case, a party who wishes to appeal could take as long as 105 days from the date of the judgment's signing to file a notice of appeal.[2] *In re A.A.S.*, 367 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

---

[2]Appellant's notice of appeal stated that the appeal is accelerated. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (authorizing appeal from interlocutory order granting special appearance); *see also* Tex. R. App. P. 28.1 (providing that interlocutory appeals are accelerated). The order dismissed the case and appears to be final. *See Cont'l Alloys*, 597 S.W.3d at 889. However, if the appeal had been from an interlocutory order, Appellant's post-judgment motions could not have extended the appellate timeline, and his notice of appeal would have still been untimely. *See* Tex. R. App. 26.1(b).

Appellant's notice of appeal was due no later than May 23, 2022. *See* Tex. R. App. P. 4.1(a)[3]; 26.1(a); *Tunad Enters., Inc. v. Palma*, No. 05-17-00208-CV, 2018 WL 3134891, at *4 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op.) (stating that the appellant's post-judgment actions extended the time for filing a notice of appeal until ninety days after the judgment was rendered). Appellant did not move to extend that deadline. *See* Tex. R. App. 26.3. Even if he had, however, he could not have extended the notice-of-appeal deadline beyond June 7, 2022. *See id.* His July 7, 2022 notice was therefore untimely. We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: August 18, 2022

---

[3]The ninetieth day fell on a weekend, moving Appellant's notice-of-appeal deadline to the following Monday.